ELIZABETH CLARA FEHR, born ELIZABETH CLARA KLEIN, petitioner,

v.

JOSEPH FEHR, defendant.

[Decided December 6th, 1920.]

Where a husband at the time of marriage suffered from a physical condition which rendered sexual intercourse with a normal woman impossible, the wife was entitled to a decree of nullity, although prior to the marriage the husband informed the wife that there could be no children but that sexual intercourse could be performed.

On petition for nullity. On pleadings and proofs.

*Messrs. Kent & Kent,* for the petitioner.

*Mr. J. Emil Walscheid,* for the defendant.

LEWIS, V. C.

The petition is filed for the annulment of the marriage between petitioner, Elizabeth Clara Fehr, born Elizabeth Clara Klein, and the defendant, Joseph Fehr, under the statute pro-

viding for decrees of nullity of marriage (*P. L. 1907 p. 474* §
*1 subdiv. 111*), wherein it is provided as follows:

"1. Decrees of nullity of marriage may be rendered in all cases when
\* \* \*.

"111. The parties, or either of them, was at the time of marriage phys-
ically and incurably impotent; provided, the party making 'the applica-
tion was ignorant of such impotency or incapability at the time of the
marriage, or has not subsequently ratified the marriage."

Under the facts established by the testimony it appears that
at the time of the marriage of the parties, which was performed
ceremonially on May 27th, 1917, the defendant suffered from a
physical condition which rendered sexual intercourse, with a
normal woman, impossible. This resulted from a congenital
disability, and, consequent, surgical treatment; and I am satis-
fied from the evidence that that condition is permanent and in-
capable of being satisfactorily remedied.

The parties resided in New Jersey from a few days after the
marriage until June 19th, 1919, when petitioner left defendant.
Defendant has continued to reside in New Jersey to the present
time.

Prior to the marriage defendant had informed the petitioner
that there could, perhaps, be no children as a result of their
union, because of a defect from which he suffered, but that
sexual intercourse between them could be performed. Petitioner
stated that immediately after the marriage she learned of the
existence of defendant's abnormality; and, as a matter of fact,
he was never able to have sexual intercourse with her. She con-
tinued to live with him, however, for about two years, in the hope
that the condition might be remedied, but this was not done,
and eventually her health became so impaired, and her nervous
system so injured as a result of the unnatural situation, that she
was obliged to separate herself from the defendant.

The evidence of the physicians shows that the petitioner is in
all respects normal and apt for coition; but that, because of the
defendant's condition, sexual intercourse between these parties
was impossible.

I shall, therefore, advise a decree for nullity of the marriage
as prayed for.